UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMUEL BUTLER,<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-06830-KES-CDB (HC)<br>(A-Number: 240-373-682)<br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 1)<br>**7-Day Objection Period** |

Petitioner Jamuel Butler, a federal immigration detainee, initiated this action on August 26, 2026, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 while in custody of Immigration and Customs Enforcement ("ICE") at the Mesa Verde Detention Facility. (Doc. 1).

## I. Relevant Background

Petitioner alleges he is a native and citizen of Bahamas who has lived in the United States for ten years. (Doc. 1 ¶ 23). Petitioner was lawfully admitted into the United States on September 6, 2019, with a B2 "visitor for pleasure" visa authorizing presence in the United States for a temporary period not to exceed March 5, 2020. (Doc. 9-1 at 1, "Ex. 1") (February 24, 2026, Notice to Appear). Petitioner remained in the United States beyond the authorized period. *Id.* Petitioner alleges he has lived with his family, who are all U.S. citizens, while in the United States. (Doc. 1 ¶ 23).

During the time Petitioner unlawfully remained in the United States as a visa overstay, he

was arrested on March 2, 2022, for robbery of a business with a firearm. (Doc. 9-2 at 2, "Ex. 2") (Form I-213, Record of Deportable/Inadmissible Alien). On February 16, 2025, for the separate offenses of firing a weapon and battery. *Id.* Immigration authorities contacted Petitioner while he remained in the custody of state authorities pending his prosecution on these charges. *Id.* On January 16, 2026, Petitioner was convicted of second-degree felony robbery, third-degree felony aggravated assault with a deadly weapon, and first-degree misdemeanor discharging a firearm in public. (Doc. 9-3, "Ex. 3" at 5-9) (Petitioner's criminal history record). He was sentenced to 527 days' confinement with credit for time served. *Id.*

Petitioner alleges that he has been detained for (now over eight months) and seeks immediate release or alternatively an individualized custody determination to justify his continued detention. (Doc. 1 at 5, 17). Based on this allegation, it appears that immigration officials took custody of Petitioner shortly after his conviction and sentenced for time served on January 16, 2026. The Court takes judicial notice that Petitioner's removal proceedings remain pending, and no future hearings are scheduled.[1]

## II. <u>Governing Authority</u>

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 19, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co.*, 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

Here, Respondents do not challenge this Court's jurisdiction to adjudicate the petition (*see generally* Doc. 9) and under the authorities cited above, the Court finds it properly may exercise jurisdiction over the merits of the petition.

## III. Discussion

### A. Petitioner's Detention is Governed by Section 1226(c)

A district judge of this Court has addressed and applied the holdings of the key Supreme Court and Ninth Circuit decisions applying § 1226(c) as relevant here, and the undersigned adopts that framework herein. *See Kakkar v. Chestnut*, No. 1:25-cv-1627 JLT SAB, 2025 WL 3638298, at *3-5 (E.D. Cal. Dec. 15, 2025) (discussing section 1226(c)'s mandatory detention regime and noting it does not foreclose as-applied constitutional challenges under *Nielsen v. Preap*, 586 U.S. 392 (2019)).

Respondents are correct that Petitioner's detention is properly governed by 8 U.S.C. § 1226(c) due to his felony convictions that constitute offenses covered under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(C). (Doc. 9 at 1); Ex. 2 at 2-3; Ex. 3 at 5-9.

### B. Petitioner s Entitled to Relief Under the Due Process Clause

Notwithstanding that Petitioner properly is subject to mandatory detention under § 1226(c), because Supreme Court precedent "does not foreclose as-applied challenges … to applications of [§ 1226(c)]," the undersigned considers Petitioner's due process claim arising from prolonged detention (Doc. 1 at 16-17). *See Preap*, 586 U.S. at 420; *Kakkar*, 2025 WL 3638298, at *5.

In weighing Petitioner's challenge to his continuing detention by immigration authorities as a violation of his due process rights, the undersigned considers (1) "whether there exists a protected liberty interest under the Due Process Clause, and … [(2)] the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

The undersigned finds Petitioner has an underlying, continuing liberty interest in being free from detention. Petitioner was lawfully admitted into the United States on a B2 visa on September 6, 2019, and unlawfully remained in the United States beyond the visa's expiration on March 5, 2020. Petitioner continued to live with his U.S. citizen family in the United States after his B2 visa expired. Petitioner has remained in immigration detention for more than eight months as of the date of these findings and recommendations and the record does not indicate, nor does Respondent explain, whether Petitioner received or was denied a custody determination.

Because Petitioner has shown he has a protected liberty interest to remain free from detention, the undersigned considers what process is due before the government may terminate that liberty interest. To determine this, the undersigned weighs the following factors articulated in *Mathews*: "[(1)] the private interest that will be affected by the official action; [(2)] the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [(3)] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976)); *see Hernandez*, 872 F.3d at 993-94 (applying *Mathews* test in immigration detention context); *id*. at 993 ("The appropriateness of the requirement that ICE and IJs consider financial circumstances and alternative conditions of release is confirmed by the balance of factors under *Mathews*[.]").

As to the first factor, Petitioner has shown he has a significant private interest in remaining on release from detention. Petitioner has lived in the United States for over six years with his U.S. citizen family before he was detained. Petitioner's continued liberty interest in remaining on release is undermined by his immigration detention without a bond hearing. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093-94 (E.D. Cal. 2025) ("Freedom from imprisonment is at the core of the Due Process Clause…. The lengthy duration of his conditional release as well as the meaningful connections [he] seems to have made with his community during that time create a powerful interest for [him] in his continued liberty.").

As to the second factor, the risk of an erroneous deprivation of Petitioner's liberty interest is considerable here where he has not received any bond or custody redetermination. *Id*. at 1094;

*A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Because there were no procedural safeguards to determine if Petitioner's detention was justified, the probable value of the additional procedural safeguard of a bond hearing to determine whether Petitioner is a flight risk or a danger to the community is high such that this factor weighs in favor of granting a bond hearing. *See Doe*, 787 F. Supp. at 1094 ("[G]iven that Petitioner was previously found to not be a danger or risk of flight and the unresolved questions about the timing and reliability of the new information, the risk of erroneous deprivation remains high."); *A.E.*, 2025 WL 1424382, at *5.

Respondents represent that Petitioner is entitled to relief as a purported class member in *Franco-Gonzalez v. Holder*, No. 10-2211, 2013 WL 3674492 (C.D. Cal. Apr. 23, 2013) given he has been detained without a custody redetermination hearing for over 180 days. (Doc. 9 at 1). In *Franco-Gonzalez*, the district court certified a class of people detained pending removal proceedings who may be incompetent to represent themselves due to mental health disorders and ordered that they be provided a custody redetermination hearing if their custody had exceeded six months. As further explained *infra*, although the undersigned need not consider Petitioner's entitlement to relief under *Franco-Gonzalez* given the Court may grant Petitioner on alternative grounds the relief he seeks—a bond hearing—the undersigned finds that Respondent's concession in this regard weighs in favor of granting a bond hearing. *See, e.g.*, *Kumsang v. Chestnut*, No. 1:26-cv-4591-TLN-JDP, 2026 WL 2593020, at *3-4 (E.D. Cal. Sept. 2, 2026) (finding that the *Mathews* factors weighed in favor of granting a bond hearing to a *Franco-Gonzalez* class member held in custody for approximately ten months), *F&R adopted*, 2026 WL 2654641 (Sept. 9, 2026).

Third, the government's interest in detaining Petitioner without a bond hearing is low. *Doe*, 787 F. Supp. 3d at 1094 (citation omitted); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)); *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("And, like other Courts in this district, the Court concludes that the government's interest in re-detaining Petitioner-[] without a hearing is 'low,' particularly in light of the fact that Petitioner[] has long complied with his reporting requirements."); *Kakkar*, 2025 WL 3638298, at *7 ("The government may have a significant interest in protecting the public from dangerous criminal aliens.

However, such argument is undermined somewhat by the fact that Respondents waited four years to arrest the Petitioner and have not identified changed circumstances that now justify his arrest."). "The effort and cost to provide Petitioner with [a bond hearing] is minimal[.]" *Doe*, 787 F. Supp. 3d at 1094. Therefore, any additional burden from requiring the government to facilitate a bond hearing before it may detain Petitioner any longer does not outweigh his liberty interest and the risk of erroneous deprivation. Accordingly, this factor weighs in favor of granting a bond hearing.

In sum, the undersigned finds that, under *Mathews*, Respondents have violated Petitioner's procedural due process rights under the Fifth Amendment to the U.S. Constitution through his arrest and detention in immigration custody beginning in February 2026 and continuing detention thereafter, which has persisted as of the date of these findings and recommendations for more than eight months.

**C. Relief**

Respondents concede that Petitioner should receive a bond hearing pursuant to § 1226(a) where the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. (Doc. 9 at 1).

The undersigned agrees and will recommend that Respondent be ordered to facilitate a bond hearing for Petitioner consistent with § 1226(a) and the holdings in the decisions noted above (*Kakkar*, *Pham*, and *Perera*). *See Prior v. Andrews*, No. 1:25-cv-01131-JLT-EPG (HC), 2026 WL 698801, at *2 (E.D. Cal. Mar. 12, 2026) (adopting in part findings and recommendations to grant petition for writ of habeas corpus but declining to order the petitioner's immediate release) (citing *Kakkar*, 2025 WL 3638298, at *6-7, *Pham*, 2023 WL 2744397, at *1-2, and *Perera*, 2021 WL 2400981, at *4). Immediate release is not warranted because immigration authorities never previously detained and released Petitioner on any finding that he was neither a flight risk nor danger to the community. *See id.*

Further, the undersigned will recommend the government bear the burden at a bond hearing of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight or that there is a material change in his removal situation that would justify his detention. *See id.* at *3; *Kakkar*, 2025 WL 3638298, at *6; *Pham*, 2023 WL 2744397, at *7.

## IV. Conclusion and Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.
2. Respondents be ORDERED to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
3. Respondents be ORDERED to provide notice of the hearing to Petitioner at least 72 hours before the scheduled hearing; Petitioner SHALL have the right to be represented by counsel at the hearing, and he SHALL be entitled to appear at the hearing; if counsel has filed an appearance in the immigration proceedings, counsel SHALL receive notice of the scheduled hearing at least 72 hours before the hearing.
4. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Respondents be ORDERED to release Petitioner from custody immediately and forbear from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven (7) days in advance and holds a bond hearing consistent with this order.
5. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an

adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 23, 2026**

UNITED STATES MAGISTRATE JUDGE